IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60126
Summary Calendar
_____

SAFET PJETROVIC,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A41-413-423
_____

January 27, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Safet Pjetrovic petitions for review of an order of the Board
of Immigration Appeals ("BIA") dismissing his appeal from an order
of the immigration judge ("IJ") finding him deportable.  Pjetrovic
also seeks review of the BIA's denial of his motion to reopen the
proceedings to remand to the IJ for consideration of his
application for asylum.

Pjetrovic argues that the immigration proceedings were
fundamentally unfair because he was denied an opportunity to
cross-examine his former spouse, Tiffany Anderson, yet the BIA
relied on Anderson's affidavit to determine that their marriage was

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not entered into in good faith. We agree with Pjetrovic's arguments.

Under the Fifth Amendment, aliens are entitled to due process of law in deportation proceedings. Reno v. Flores, 507 U.S. 292, 307 (1993). A hearing will be deemed unfair only if the challenged practice "might have led to a denial of justice . . . or there must have been absent an element deemed essential to due process." Hernandez-Garza v. INS, 882 F.2d 945, 947 (5th Cir. 1989). An alien is entitled to a reasonable opportunity to cross-examine government witnesses. Id. at 948. The INS may not rely on affidavit testimony unless it first establishes "that despite reasonable efforts it was unable to secure the presence of the witness at the hearing." Olabanji v. INS, 973 F.2d 1232, 1236 (5th Cir. 1992); Hernandez-Garza, 882 F.2d at 948. We note that in this case the record shows that the INS made no effort to produce Ms. Anderson and that it took the position that it was Mr. Pjetrovic's responsibility to locate her.

The INS sought to terminate Pjetrovic's conditional permanent residence status based on its determination that his marriage to Ms. Anderson had been for the purpose of procuring his admission as an immigrant. See 8 U.S.C. § 1186a(c)(3)(C). Under these circumstances, Pjetrovic was entitled to a hearing at which the burden of proof was on the Attorney General to prove that his marriage had not been in good faith. § 1186a(b)(2); see also 8 U.S.C. § 1229a(c)(3)(A). A finding that the marriage had not been

2

in good faith would render Pjetrovic deportable under 8 U.S.C. § 1227(a)(1)(D).  See § 1227(a)(1)(D).  In a removal proceeding under § 1227(a), an alien "shall have a reasonable opportunity to examine the evidence against the alien . . . and to cross-examine witnesses presented by the Government . . . ."  § 1229a(b)(4)(B).  In the case of an alien who has been admitted to the United States, as Pjetrovic was, the INS "has the burden of establishing by clear and convincing evidence that . . . the alien is deportable.  No decision on deportability shall be valid unless it is based upon reasonable, substantial, and probative evidence."  § 1229a(c)(3)(A).

Because Pjetrovic's immigration hearings lacked essential elements of due process, the petition for review is GRANTED, the order of the BIA is VACATED, and the case is remanded for further proceedings consistent with this opinion.  See Reno, 507 U.S. at 307; Hernandez-Garza v. INS, 882 F.2d 945, 947 (5th Cir. 1989).  In the light of the disposition of the appeal, the BIA's denial of Pjetrovic's motion to reopen the proceedings for consideration of his asylum application is MOOT.  On remand to the immigration judge, Pjetrovic may submit a new application for asylum based on current conditions in former Yugoslavia.

VACATED and REMANDED.